HUBER v. WHALE CREEK IRON WORKS.

(Supreme Court, Appellate Division, Second Department.   March 11, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS — QUESTION FOR JURY.

In an action for injuries sustained while operating a polishing machine at the direction of defendant's foreman, because of a defect in the emery wheel chosen by the foreman, where there was a conflict in the evidence as to whether it was the only wheel of the dimensions required which was available for use upon the machine, there was a question for the jury as to whether defendant had furnished reasonably safe machinery and appliances.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1010–1031.]

2. SAME—MACHINERY AND APPLIANCES FOR WORK—DELEGATION OF DUTY.

A master's duty to supply proper machinery and appliances to be used by his servant cannot be delegated in such a manner as to relieve the master of the duty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 175.]

109 N.Y.S.—12

3. SAME. ·

In an action for injuries sustained while operating a polishing machine at the direction of defendant's foreman, because of a defect in the emery wheel, where it was shown that the wheel was the only one in the establishment available for use upon the machine, that defendant's foreman directed plaintiff to use it, and that the defect was not such as to be obviously dangerous, defendant was liable; there being a failure of duty on his part to furnish proper machinery and appliances.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 199–203.]

Appeal from Trial Term.

Action by John F. Huber against the Whale Creek Iron Works. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Joab H. Banton, for appellant.
Don R. Almy, for respondent.

WOODWARD, J.   The plaintiff was injured while operating an emery wheel used for polishing iron castings in defendant's plant.   The plaintiff's version is that he was set to work upon the polishing machine by the defendant's foreman; that the latter took down the wheel, consisting of a wooden core surrounded by a leather belt or strip, on which glue and emery dust was placed from time to time, and placed it upon the machine, and directed the plaintiff, a green hand, in the method of using the machine, which had just been installed, and then went away and left him; that almost immediately thereafter the leather belt surrounding the wheel broke loose, owing to a defect in the method of its construction, and hit the plaintiff in the head and in various parts of his body, working the injuries for which he has recovered in the court below.   The plaintiff testifies that he noticed the wheel when it was given to him to use, and that it had a "belly" on it, owing to the defective fastening of the leather belt; that he called the foreman's attention to this defect, but was assured that it was all right; and that, going ahead with the work, he was injured in the manner detailed in the evidence.   While there was some evidence that there were other wheels which might have been used, there was evidence, we think, which justified the jury in finding that this was the only wheel of the dimensions required which was available for use upon this machine, and so there was a question for the jury as to whether the defendant had furnished reasonably safe machinery and appliances, and there was evidence from which the jury might draw the conclusion that the defendant had been remiss in its duty.

The defendant's theory was that the plaintiff had requested to be taught the use of the machine, and that he was at the time of the accident merely a pupil, at his own request; but the evidence does not compel this conclusion.   On the contrary, there is evidence to support the plaintiff's version given above, so that it is unnecessary to determine what might have been the duty to the plaintiff under

the later version of the accident. It being the master's duty to supply proper machinery and appliances, that duty cannot be delegated in such a manner as to relieve the master of the duty. Of course, if there had been other wheels of a proper make and in fit condition, and the foreman had merely erred in judgment in the selection of this particular wheel, the accident would have been due to the fault of a fellow servant; but if this was the only wheel available for this use, and the defendant's foreman directed the plaintiff to use it, and the defect was not such as to be obviously dangerous, there was a failure of duty on the part of the master, for which the defendant is liable. The evidence, we believe, supports this view of the case, and we find no reversible error in the record.

The judgment and order appealed from should be affirmed, with costs. All concur.